## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DONALD KENTON KESTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 05-2121-KHV |
| **LARRY R. SHOUSE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiff's Motion To Strike Defendants' Motion To Dismiss Proceedings Filed May 2nd 2005 With Clerk Of District Court</u> (Doc. #15) filed May 4, 2005; <u>Plaintiff's Motion To Take Judicial Notice</u> (Doc. #28) filed August 1, 2005 and defendants' motions to dismiss. See <u>Motion To Dismiss [Christopher Redmond and Robert Maher]</u> (Doc. #12) filed May 2, 2005; <u>Separate Defendants' Larry R. Shouse, Walter Alan Morton, William Kester And Jeannie Bobrink's Motion To Dismiss</u> (Doc. #17) filed May 23, 2005; <u>Motion To Dismiss Defendant Jeannie C. Bobrink</u> (Doc. #24) filed July 28, 2005. For reasons stated below, the Court overrules plaintiff's motions and defers ruling on defendants' motions.

**I.     Plaintiff's Motion To Strike Defendants' Motion To Dismiss**

Plaintiff asks the Court to strike the motion to dismiss filed by Christopher J. Redmond and Robert D. Maher because they "lack standing to unilaterally seek the dismissal of these proceedings." <u>Plaintiff's Motion To Strike Defendants' Motion To Dismiss Proceedings Filed May 2nd 2005 With Clerk Of District Court</u> (Doc. #15) at 1. Redmond and Maher only ask the Court to dismiss plaintiff's claims against

them. To the extent that their arguments pertain to other defendants, the Court is not prohibited from considering such arguments. Therefore, plaintiff's request to strike defendants' motion is overruled.

## II.     Plaintiff's Motion To Take Judicial Notice

Plaintiff asks the Court to take judicial notice of "plaintiff's allegations regarding the authenticity of the hearing transcripts provided to the Court." Plaintiff's Motion To Take Judicial Notice (Doc. #28) at 1. In particular, plaintiff claims that as to the transcript of the hearing in bankruptcy court on May 14, 2004, "the alterations, additions, and deletions of testimony and judicial comment as reflected in the transcripts (exhibits 'H') provided, to be such as unexplainable as being either typographical or transmitting errors but rather substantially change the character of that proceeding in such a manner as to support Defendants' contentions of collateral estoppel propounded in the motions and memorandum of which they accompany." Id. at 1-2.

Plaintiff's motion is without merit. The Court cannot take judicial notice that the bankruptcy court transcripts are inaccurate because (1) plaintiff has not specified which portions of the transcripts are inaccurate and how they should be corrected and (2) the accuracy of plaintiff's allegations is subject to reasonable dispute because the court reporter has certified that the transcript is accurate. See Fed. R. Evid. 201(b); Davis v. Mineta, 302 F.3d 1104, 1123 n.11 (10th Cir. 2002). Accordingly, plaintiff's motion to take judicial notice is overruled.

## III.    Motions To Dismiss By All Defendants

All defendants seek dismissal of plaintiff's complaint because (1) it is a collateral attack on the rulings of the bankruptcy court; (2) plaintiff has similar claims currently pending in bankruptcy court; and (3) plaintiff cannot transfer all or a portion of his bankruptcy proceedings to district court. For reasons

stated in the Memorandum In Support Of Defendant Christopher Redmond's And Defendant Robert Maher's Motion To Dismiss (Doc. #13), the Court partially agrees with defendants' position but questions whether dismissal – as opposed to transfer – is the appropriate remedy. The parties have not addressed this issue. Accordingly, on or before **September 23, 2005**, the parties shall show good cause in writing why the Court should not (1) refer this case to the bankruptcy court as a core proceeding under 28 U.S.C. § 157(b); or (2) refer this case to the bankruptcy court as a non-core proceeding for proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Strike Defendants' Motion To Dismiss Proceedings Filed May 2nd 2005 With Clerk Of District Court (Doc. #15) filed May 4, 2005 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Take Judicial Notice (Doc. #28) filed August 1, 2005 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **September 23, 2005**, the parties shall show good cause in writing why the Court should not (1) refer this case to the bankruptcy court as a core proceeding under 28 U.S.C. § 157(b); or (2) refer this case to the bankruptcy court as a non-core proceeding for proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1).

Dated this 12th day of September, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge