# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DONALD KENTON KESTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2121-KHV |
| **LARRY R. SHOUSE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion To Withdraw District Court Reference Of Title 11 Bankruptcy Case No. 02-24689 For Cause (Doc. #40) filed September 14, 2005; the Motion To Dismiss [Christopher Redmond and Robert Maher] (Doc. #12) filed May 2, 2005; Separate Defendants' Larry R. Shouse, Walter Alan Morton, William Kester And Jeannie Bobrink's Motion To Dismiss (Doc. #17) filed May 23, 2005; Motion To Dismiss Defendant Jeannie C. Bobrink (Doc. #24) filed July 28, 2005; Plaintiff's Motion To Disqualify Husch & Eppenberger LLC (Doc. #26) filed July 28, 2005 and the parties' response to the Court's order to show cause why the Court should not (1) refer this case to the bankruptcy court as a core proceeding under 28 U.S.C. § 157(b); or (2) refer this case to the bankruptcy court as a non-core proceeding for proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1). See Memorandum And Order (Doc. #39) filed September 13, 2005. For reasons stated below, except for the motion to dismiss Jeannie Bobrink which the Court defers, the Court overrules all of the motions and refers this case to the bankruptcy court under 28 U.S.C. § 157(a).

**Procedural Background**

On December 13, 2002, in the United States Bankruptcy Court for the District of Kansas, Donald Kenton Kester and his wife filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. See Bankruptcy Case No. 02-24689. Christopher J. Redmond was and is the duly appointed and acting Trustee in the bankruptcy case. As of March 1, 2003, the bankruptcy court authorized Redmond to employ the law firm of Husch & Eppenberger, LLC as his counsel. In 2004, Redmond asked the bankruptcy court to authorize the sale of plaintiff's non-exempt, unencumbered stock in Kesters Merchandising Display International ("KMDI") to the other two owners of KMDI.[1] After allowing plaintiff an opportunity to file an offer of purchase, the bankruptcy court permitted the sale of plaintiff's KMDI stock for $20,000. Plaintiff has filed at least two appeals in district court. See Kester v. KDMI, Inc., No. 05-2053-CM (filed February 3, 2005); Kester v. KMDI, Inc., No. 05-2250-CM (filed June 16, 2005). A review of the docket for the bankruptcy proceeding and related adversary complaints suggests that the bankruptcy proceeding is nearly final.

On March 28, 2005, plaintiff filed this case against Larry R. Shouse (an attorney who previously represented KMDI and its three partners), Morton, William Kester, Redmond, Jeannie C. Bobrink (an attorney who represented Shouse, Morton and William Kester in the bankruptcy proceedings) and Robert D. Maher (a Husch & Eppenberger attorney who represented Redmond in the bankruptcy proceedings). Plaintiff's complaint asserts a single claim for violation of RICO. Plaintiff alleges that all six defendants participated in a conspiracy which included (1) seizure of KMDI in September of 2002 and (2) use of

---

[1] KMDI was owned by plaintiff, William Kester (plaintiff's brother) and Walter Morton.

"insider, trust and fiduciary assigned positions to conspire to extort approximately five million dollars from the Plaintiff, using the business entity as the vehicle for the conduit to themselves and other individuals and entities, of that money." Complaint (Doc. #1) ¶¶ 11, 13. Plaintiff's complaint alleges that the "pattern of racketeering" and collection of unlawful debts included "multiple instances of criminal usury, theft, forgery, alteration of and use of false documentation in federal legal proceedings, false oaths and declarations in a bankruptcy proceeding, actual bankruptcy fraud, mail fraud, possession and use of firearms, wiretapping, wire fraud, interference with prospective economic advantage, conversion, nuisance, trespass, abuse of process, malicious institution of civil proceedings, negligent misrepresentation, bribery, and compounding a crime." Id. ¶ 1. Liberally construed, plaintiff's complaint alleges a conspiracy between all six defendants to seize plaintiff's interest in KMDI. Plaintiff's complaint primarily challenges the ultimate sale and transfer of plaintiff's interest in KMDI which the bankruptcy court approved.

## **Analysis**

### **I.     Plaintiff's Motion To Withdraw Reference To Bankruptcy Court**

Under 28 U.S.C. § 157(d), plaintiff asks the Court to withdraw the reference of Case No. 02-24689 for cause because the bankruptcy court and the trustee have denied him an expeditious resolution of his case. D. Kan. Rule 83.8.6 sets forth the procedure for transfer of a case from the bankruptcy court to the district court. Plaintiff's motion to withdraw does not comply with D. Kan. Rule 83.8.6 in two respects: (1) plaintiff did not file the motion in bankruptcy court, see RTC v. Overland Park Fin. Corp., 182 B.R. 865, 870 (D. Kan. 1995), and (2) plaintiff's motion is untimely because he did not file it within 20 days after commencement of the bankruptcy proceedings, see D. Kan. Rule 83.8.6(b); see also United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992) (motion to withdraw must be filed at first

reasonable opportunity); Burger King Corp. v. B-K of Kan., Inc., 64 B.R. 728, 730-31 (D. Kan. 1991) (ten months is outer limit of time for filing motion to withdraw reference); cf. Nielsen v. Miller, 125 Fed. Appx. 227, 229 (10th Cir. 2005) (motion to withdraw filed 18 years after bankruptcy proceedings filed untimely, especially where case was on "brink of closure"). On the merits, plaintiff has not shown "cause" under 28 U.S.C. § 157(d) to withdraw the reference at this late stage of the bankruptcy proceedings. Plaintiff apparently seeks withdrawal of the reference so that he can challenge the adverse rulings of the bankruptcy court. Such a blatant attempt at forum shopping should be discouraged and does not constitute "cause" to withdraw the bankruptcy reference. See In re Hardesty, 190 B.R. 653, 656-57 (D. Kan. 1995).

## II.     Referral Of This Case To Bankruptcy Court

The Court directed the parties to show cause why the Court should not (1) refer this case to the bankruptcy court as a core proceeding under 28 U.S.C. § 157(b); or (2) refer this case to the bankruptcy court as a non-core proceeding for proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1). Defendants argue that the Court cannot *refer* this case to the bankruptcy court because the Court does not have jurisdiction over plaintiff's claims.[2] Defendants maintain that because plaintiff already

---

[2] Defendants maintain that the Court should analyze the issue under 28 U.S.C. § 1631 which permits a court of appeals or district court without jurisdiction to transfer a case in the interest of justice to another court as defined in 28 U.S.C. § 610. The Court declines to do so. First, the Court has not ruled that it lacks jurisdiction over plaintiff's claims. Instead, the Court finds that the bankruptcy court is the proper forum to hear plaintiff's claims which relate to the pending bankruptcy proceeding. Second, transfer of a case under Section 1631 from a district court to a bankruptcy court in the same district is not appropriate because (1) the bankruptcy court is not a separate court but rather an arm of the district court and (2) the definition of courts in 28 U.S.C. § 610 no longer specifically includes bankruptcy courts. Finally, defendants have not set forth any practical difference between *referral* and *transfer* of this case.

has the same claims pending in bankruptcy court, this Court is without jurisdiction to "re-refer" the claims to the bankruptcy court. The Court disagrees with defendants' position. Even where the reference of a bankruptcy case has not been withdrawn, the district court still has jurisdiction over bankruptcy matters because the bankruptcy court is merely an arm of the district court to which such matters are referred. See N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Mann v. Chase Manhattan Mortg. Corp., 2002 WL 32157516, at *2 (D.R.I. Mar. 7, 2002), aff'd, 316 F.3d 1 (1st Cir. 2003). In this case, plaintiff asserts claims that are closely related but not necessarily identical to the claims in the bankruptcy case and related adversary proceedings. Plaintiff has a right to assert these claims even though they may substantially overlap with his pending claims in bankruptcy court.[3] Plaintiff, however, has chosen the wrong forum to assert these claims. Under 28 U.S.C. § 157(a), the Court refers this case to the bankruptcy court because it arises under Title 11 or is related to a case under Title 11.[4]

### III. Motions To Dismiss (Doc. ##12 and 17)

All defendants seek dismissal of plaintiff's complaint because (1) it is a collateral attack on the rulings of the bankruptcy court; (2) plaintiff has similar claims currently pending in bankruptcy court; and (3) plaintiff cannot transfer all or a portion of his bankruptcy proceedings to district court. See Motion To Dismiss [Christopher Redmond and Robert Maher] (Doc. #12) filed May 2, 2005; Separate Defendants' Larry R. Shouse, Walter Alan Morton, William Kester And Jeannie Bobrink's Motion To Dismiss (Doc.

---

[3] The Court express no opinion on the merits or timeliness of such claims.

[4] In the order to show cause, the Court asked the parties to address whether this case should be referred as a core or a non-core proceeding. The Court finds that in any event, the case should be referred to the bankruptcy court under 28 U.S.C. § 157(a). Under 28 U.S.C. § 157(b)(3) and D. Kan. Rule 83.8.7, the bankruptcy court shall determine whether the case is a core or a non-core proceeding.

#17) filed May 23, 2005. Defendants' arguments are based on the fact that plaintiff filed this case in district court rather than in bankruptcy court. Because the Court refers this case to the bankruptcy court, the Court overrules as moot the foregoing motions to dismiss (Doc. ##12 and 17).

Bobrink also seeks dismissal of plaintiff's complaint because she cannot be held liable based solely on her legal representation of plaintiff's adversaries in the bankruptcy case. See Motion To Dismiss Defendant Jeannie C. Bobrink (Doc. #24) filed July 28, 2005. The Court's reference of this case to the bankruptcy court does not affect the merits of this limited motion to dismiss. Accordingly, Bobrink's motion to dismiss (Doc. #24) will remain pending for disposition by the bankruptcy court.

**IV.     Plaintiff's Motion To Disqualify Counsel (Doc. #26)**

Plaintiff seeks to disqualify Husch & Eppenberger as counsel for Redmond and Maher because the law firm also controls counsel for Shouse, Morton, William Kester and Bobrink. Plaintiff argues that as counsel for the bankruptcy trustee, Husch & Eppenberger cannot assist co-owners of non-exempt property which belongs to the bankruptcy estate (apparently Morton and William Kester) or their counsel (apparently Shouse and Bobrink). Plaintiff bases his allegation that Husch & Eppenberger assisted these defendants on the fact that shortly after Redmond and Maher filed a motion to dismiss, the remaining four defendants filed a nearly identical motion to dismiss. Such grounds, however, do not warrant disqualification of counsel. Husch & Eppenberger did not file a motion to dismiss on behalf of Shouse, Morton, William Kester or Bobrink. The fact that counsel for the latter defendants used significant portions of the motion and supporting memorandum filed by Redmond and Maher does not suggest any impropriety or conflict on the part of Husch & Eppenberger. The Court therefore overrules plaintiff's motion to disqualify.

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion To Withdraw District Court Reference Of Title 11 Bankruptcy Case No. 02-24689 For Cause</u> (Doc. #40) filed September 14, 2005 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the <u>Motion To Dismiss [Christopher Redmond and Robert Maher]</u> (Doc. #12) filed May 2, 2005 and <u>Separate Defendants' Larry R. Shouse, Walter Alan Morton, William Kester And Jeannie Bobrink's Motion To Dismiss</u> (Doc. #17) filed May 23, 2005 be and hereby are **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that <u>Plaintiff's Motion To Disqualify Husch & Eppenberger LLC</u> (Doc. #26) filed July 28, 2005 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that this case is referred to the bankruptcy court under 28 U.S.C. § 157(a). The <u>Motion To Dismiss Defendant Jeannie C. Bobrink</u> (Doc. #24) filed July 28, 2005 remains pending on referral of this case.

Dated this 7th day of October, 2005 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge